**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 16-cr-00011-JJM-LDA |
| | ) | |
| JASON D. BOUDREAU | ) | |

**MOTION TO SUPPRESS EVIDENCE**

Now comes Defendant Jason D. Boudreau, through counsel, and moves to suppress all evidence derived from the search of a black Huawei cellular telephone (model #Y538, bearing Serial Number URX0215911000337) seized from Mr. Boudreau at the time of his arrest on December 29, 2015.

The delay in obtaining a search warrant for this item rendered its seizure unreasonable under the Fourth Amendment, requiring that all fruits of the searches of the item be suppressed.

                              Respectfully submitted

                              JASON D. BOUDREAU
                              By his attorney,
                              /s/ Olin Thompson, #5684

                              Federal Defender
                              10 Weybosset St., Ste. 300
                              Providence, RI 02903
                              (401)
                              Olin_Thompson@fd.org

**CERTIFICATION**

I hereby certify that a copy of this motion was delivered by electronic notification to AUSA Denise Barton on December 22, 2017.

                              /s/ Olin Thompson

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS ) | CR. NO. 1-15 MJ399A |
| ) | |
| JASON D. BOUDREAU ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS

Jason Boudreau respectfully moves to suppress all evidence derived from the search of a black Huawei cellular telephone (model #Y538, bearing Serial Number URX0215911000337) seized from Mr. Boudreau at the time of his arrest on December 29, 2015.

### FACTS

Mr. Boudreau was arrested on a warrant on December 29, 2015. At the time of his arrest, two cellular phones were taken from his person. A Special Agent from Homeland Security Investigation (HSI) took custody of the cell phones, placed them into an evidence bag and transported them and the defendant back to Rhode Island from the place of arrest in Connecticut.[1]

---

[1] Mr. Boudreau initially challenged what he believed was the warrantless search of the cellular phones which were seized at the time of arrest (Dkt. 40). In response, the two agents that arrested Mr. Boudreau and seized his cell phones incident to arrest submitted affidavits declaring that they had seized the phones but had not searched them. *See* Exh. 3 and 4 to Government's Memorandum of Law in Opposition to Defendant's Second Motion to Suppress (Dkt. 47). This Court, relying on those affidavits, subsequently found that a warrantless search had not occurred. (Dkt. 53).

Eighty days later, on March 18, 2016, HSI Special Agent James Richardson applied for two search warrants, one for each cellular phone.[2] The Honorable Patricia A. Sullivan signed the warrants on that day. On March 23, 2016 the phones were transported from the HSI to the Warwick Police Department where Detective Timothy Grant of the Warwick Police Department searched each phone. The searches began and were completed on the same day. Forensic examination of the SD card from the Huawei cellular telephone revealed 105 .jpg images of child pornography allegedly accessed and deleted on three different dates.

## LEGAL ARGUMENT

"The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated," U.S. CONST. AMEND. IV. The Fourth Amendment generally requires that a warrant be issued upon probable cause before a search is conducted. There are circumstances, however, that justify a search without a warrant, including searches incident to arrest. *See United States v. Robinson*, 414 U.S. 218 (1973); *Chimel v. California*, 395 U.S. 752 (1969). "[A] warrant is generally required before...a search [of a cell phone], even when a cell phone is seized incident to arrest." *Riley v. California*, 134 S. Ct. 2473, 2493 (2014).

Even "a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on 'unreasonable searches.'" *United States v. Jacobson*, 466 U.S. 109, 124 (1984). *See, e.g., Segura v. United States*, 468 U.S. 796, 812 (1984) ("[A] seizure reasonable at its inception because based on probable cause may become unreasonable as a result

---

[2] The search warrant applications and warrants themselves were previously submitted to this Court as Exhibits 7 and 8 the Government's response in Opposition to Mr. Boudreau's Second Motion to Suppress. Docket # 47.

3

of its duration"); *United States v. Burgard*, 675 F.3d 1029, 1032 (7th Cir. 2012) ("When officers fail to seek a search warrant, at some point the delay becomes unreasonable and is actionable under the Fourth Amendment"); *United States v. Mitchell*, 565 F.3d 1347, 1350 (11th Cir. 2009) ("even a seizure based on probable cause is unconstitutional if the police act with unreasonable delay in securing a warrant"); *United States v. Riccio*, 2011 WL 4434855 at *1 (S.D.Cal. Sept. 23, 2011) ("The finding of probable cause to seize the hard drive did not relieve law enforcement of its obligation to 'diligently' obtain a warrant," quoting *United States v. Dass*, 849 F.3d 414, 415 (9th Cir. 1988)).

> After seizing an item without a warrant, an officer must make it a priority to secure a search warrant that complies with the Fourth Amendment. This will entail diligent work to present a warrant application to the judicial officer at the earliest reasonable time.

*Burgard*, 675 F.3d at 1035.

In *Mitchell*, the Eleventh Circuit considered a considerably less extensive delay than that present here in obtaining a warrant for the search of a hard drive – 21 days – and held that, under the circumstances of that case, the delay in obtaining a search warrant was unreasonable, thus violating the Fourth Amendment and requiring the suppression of the fruits of the search of the hard drive. In balancing the defendant's possessory interest against the government's interests, the Court first stressed the very strong possessory interests that individuals have in their computers:

> Computers are relied upon heavily for personal and business use. Individuals may store personal letters, e-mails, financial information, passwords, family photos, and countless other items of a personal nature on their computer hard drives. Thus, the detention of the hard drive for over three weeks before a warrant was sought constitutes a significant interference with Mitchell's possessory interests.

565 F.3d at 1351. Weighed against the defendant's substantial possessory interest, the Court concluded that "there was no compelling justification for the delay." *Id*. Quite the contrary, the Court concluded: law enforcement authorities simply believed that there was "no rush." *Id*. at

1353. The Court made a point of noting that the 23-page affidavit submitted in support of the application for the search warrant was largely boilerplate and contained only three double-spaced pages of original content, *id*. at 1351, *i.e.*, the affidavit would not have taken any substantial amount of time to prepare.

 Other courts have reached similar conclusions. *See, e.g., United States v. Civil*, 2017 WL 4708063 at *4 (N.D. Fla. Aug. 1, 2017) (ordering evidence suppressed when law enforcement delayed 25 days in obtaining warrant to search defendant's seized cellular phones); *United States v. Uu*, 2017 WL 4637219 at *1 (D. Haw. Oct. 16, 2017) (ordering evidence suppressed where law enforcement delayed obtaining a search warrant for 20 days after seizure of backpack); *United States v. Escobar*, 2016 WL 3676176 at *4-*5 (D. Minn. July 7, 2016) (ordering evidence suppressed where law enforcement delayed obtaining a search warrant for eight months after seizure of defendant's cell phone); *Riccio*, 2011 WL 4434855 at *1 (ordering evidence suppressed where law enforcement delayed 91 days in obtaining a warrant to search defendant's hard drive); *United States v. Rubenstein*, 2010 WL 2723186 at *13-*14 (S.D.Fla. June 24, 2010) (recommending suppression of evidence where agents delayed 41 days in obtaining warrant for laptop), *adopted* 2010 WL 2681364 (S.D.Fla. July 7, 2010); *United States v. Jarman*, 61 F.Supp.3d 598 (M.D. La. 2014) (thirteen month delay between seizing hard drive and securing warrant unreasonable, despite the fact that defendant had access to all the data contained on the hard drive because it had been copied onto a new computer). *But see United States v. Morel*, 2017 WL 1376363 at *10 (D.N.H. Apr. 14, 2017) (two month delay not unreasonable for warrant to search computer when computer already in custody as evidence in a separate burglary

investigation and defendant was informed police would hold it until the conclusion of that investigation).[3]

Courts generally consider the following factors when determining whether a delay was reasonable: (1) significance of the interference with the person's possessory interest; (2) the duration of the delay; (3) whether or not the person consented to the seizure; and (4) the government's legitimate interest in holding the property as evidence. *United States v. Laist*, 702 F.3d 608, 613 (11th Cir. 2012). Courts also consider "whether the police diligently pursue[d] their investigation." *United States v. Place*, 462 U.S. 696, 709 (1983). Given the necessary fact-intensive analysis, there is no bright-line rule in determining how long of a delay in obtaining a search warrant is reasonable. Rather, the Eleventh Circuit has stated that "in some contexts, a delay as short as 90 minutes may be unreasonable; while in others, a delay of over three months may be reasonable." *Laist*, 702 F.3d at 614 (internal citation omitted). The reasonableness of the delay is to be determined on a case-by-case basis, in light of all the facts and circumstances. *Mitchell*, 565 F.3d at 1351. Furthermore, "[t]he reasonableness determination will reflect a careful balancing of governmental and private interests." *Id*. at 1352.

Here the balance of factors favors Mr. Boudreau. The length of the delay here – eighty days – is much longer than the delays in the many of the cases cited above. During that time the defendant retained a strong possessory interest in a very personal item. As the Supreme Court held in *Riley*, a cellular phone contains "vast quantities of personal information" and is essentially "a minicomputer that also happen[s] to have the capacity to be used as a telephone." *Riley*, at 2485, 2489. Nor does the fact that Mr. Boudreau was incarcerated extinguish this

---

[3] Undersigned counsel could find no cases in the District Court for the District of Rhode Island discussing the length of delay between seizure and application for a search warrant. *United States v. Morel* is the only case within the First Circuit that has specifically addressed the issue.

possessory interest. *See Civil*, 2017 WL 4708063 at *3 (observing that even in those in custody have a diminished interest in their property "it does not mean that they lack interest altogether. In other words, there should still be an explanation for the delay.). Moreover, he never voluntarily relinquished his dominion and control over the phone, nor did he consent to its seizure.

On the other side of the balance, defendant knows of no conceivable reason which could justify a delay of this magnitude. The investigation, particularly at this stage of the case, was not particularly complex. The majority of the investigative work had been done. Although the search warrant affidavit at issue here is 32 pages long, only 4 pages (8 paragraphs) involve the probable cause justification for searching Mr. Boudreau's phones. The remaining portions of the affidavit are boilerplate.[4] The eight paragraphs of probable cause analysis simply set forth a factual recitation of the measures law enforcement had taken to find Mr. Boudreau and arrest him based on a previous arrest warrant, a statement that Mr. Boudreau was found with two cellular phones on his person, and a statement that based upon the agent's training and experience, collectors of child pornography will often use digital medial storage devices, including cell phones, to store child pornography. The search warrant affidavit submitted on March 18th contains no fact that was not known on December 29, 2015, the date of arrest, and there appears to be no reason the affidavit could not have been submitted earlier. When police "neglect to seek a warrant without any good explanation for that delay, it appears that the state is indifferent to searching the item and the intrusion on an individual's possessory interest is less likely to be justifiable." *Burgard*, 675 F.3d at 1033. Thus, even if a defendant does have a diminished possessory interest in the

---

[4] This boilerplate involves discussions of the following categories: a) characteristics common to individuals involved in the production, distribution and receipt of child pornography (pages 6-9); b) background on computers, digital cameras, and child pornography (pages 9-12); c) specifics of search and seizure of computer systems and other media (pages 13-17); d) applicable definitions (pages 17-27); and e) electronic storage and forensic analysis (pages 27-31).

seized item, "the Fourth Amendment still obligate[s]" the United States to "diligently obtain'[ ] a warrant.'" *Laist*, 702 F.3d at 616 (quoting *Illinois v. McArthur*, 531 U.S. 326, 334 (2001)). Moreover, once law enforcement made the effort to search Mr. Boudreau's phones, they were able to do so in one day, suggesting that there was nothing particularly complex about the examination.

The delay in obtaining warrants to search the cellular phones taken from Mr. Boudreau on December 29, 2015 was unreasonable under the Fourth Amendment. All fruits of the searches of these items must, accordingly, be suppressed.

## CONCLUSION

For the reasons set forth above, Jason D. Boudreau moves to suppress all evidence derived from the search of a black Huawei cellular telephone (model #Y538, bearing Serial Number URX0215911000337) seized from Mr. Boudreau on December 29, 2015. Boudreau requests a hearing on this motion.

    Respectfully submitted
    JASON D. BOUDREAU
    By his attorney,
    /s/

    Federal Defender
    10 Weybosset St., Ste. 300
    Providence, RI 02903
    (401)
    Olin_Thompson@fd.org

## CERTIFICATION

      I hereby certify that a copy of this motion was delivered by electronic notification to AUSA Denise Barton on December 22, 2017.

                                                /s/ Olin Thompson