UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
v. ) CR No. 16-011-JJM-LDA
)
JASON D. BOUDREAU, )
Defendant. )

# ORDER

Jason Boudreau was arrested in Connecticut on December 29, 2015. Incident to that arrest, law enforcement took possession of two cell phones he had on his person. He was arraigned, detained, and the phones remained in police custody. On January 13, 2016, the parties filed a joint motion to continue the date to bring an indictment until February 27, 2016 because they were engaged in pre-indictment plea negotiations with a goal to obviate indictment and trial. An agreement was not reached so the case proceeded and on February 16, 2016, the Grand Jury indicted Mr. Boudreau. The government continued its investigation as to Mr. Boudreau's criminal involvement, culminating in the March 18, 2016 issuance of a search warrant for both cell phones. Thirty-one days had passed. Law enforcement searched the phones on March 23, 2016[1] and uncovered pornographic images of children on one of the phones.[2]

---

[1] This search was the subject of two earlier motions to suppress, both of which this Court denied. ECF Nos. 40, 53.

[2] Because the images Mr. Boudreau seeks to suppress were found on one phone, the Court will refer to that phone only.

Mr. Boudreau moves to suppress all of the fruits of that March 2016 search. He argues that he had a strong possessory interest in the cell phone and the 80-day delay between his arrest and the issuance of the search warrant rendered its seizure an unreasonable infringement on his possessory interest under the Fourth Amendment.

The reasonableness of the delay between lawful seizure and seeking a warrant is up to the discretion of the court; a determination must be made on a case-by-case basis and in light of all the circumstances, and by carefully balancing the significance of the interference with the person's possessory interest, the duration of the delay, whether the seizure was consented to and the government's interest in holding the property as evidence. *United States v. Laist*, 702 F.3d 608, 613-14 (11th Cir. 2012). "[I]n some contexts, a delay as short as 90 minutes may be unreasonable; while in others, a delay of over three months may be reasonable." *Id.* at 614 (citations omitted). Moreover, courts have held that a defendant in custody has a more limited possessory interest than an individual not in custody. *United States v. Sullivan*, 797 F.3d 623, 630, 633 (9th Cir. 2015) ("Where individuals are incarcerated and cannot make use of seized property, their possessory interest in that property is reduced.").

Mr. Boudreau argues that he had a significant possessory interest even though he was incarcerated and could not physically possess his phone. In his briefing, he argued that this interest stemmed from the fact that the phone contained personal information. At the argument, Mr. Boudreau raised for the first time to both the government and the Court that his cell phone contained information that was very

important to his civil case appeal that he was in the process of preparing. *See Boudreau v. Lussier, et al.*, CA. No. 13-388-WES-LDA. Mr. Boudreau filed two affidavits[3] as proof of this assertion, his own and one from a legal assistant at the Office of the Federal Offender. The affidavits describe the materials, like emails and deposition transcripts, that were only available on his cell phone. He asserts that he was able to file the notice of appeal the day after his arrest, but needed many of the documents on his phone to prepare for the substantive appeal. He executed a Power of Attorney granting his mother access to his papers so, even though he was in jail and not allowed to have his phone, she could have accessed the legal documents in his stead. As a result, he had difficulty preparing his appeal. Mr. Boudreau relied heavily on the Federal Defender's staff to print and mail documents on PACER to him. The legal assistant at the Federal Defender's office affirmed that she did not have access to all the documents Mr. Boudreau said he needed. She detailed twelve separate requests for documents, comprising of over 100 filings and over 100 exhibits. Even though he did not have access to his phone, Mr. Boudreau was able to file his appellate brief.

Examining the facts through the *Laist* lens, the Court finds that Mr. Boudreau had a limited possessory interest in his cell phones in light of the fact that he was incarcerated. While there is no question that being able to access documents to help

---

[3] As this situation was not raised in his initial motion, the Court permitted Mr. Boudreau to file an affidavit in support of his argument that the fruits of the cell phone search should be suppressed due to the significance of the interference with his possessory interest.

him prepare for a civil appeal is important, the Court notes that Mr. Boudreau did not inform the government that the phone contained materials necessary to the pressing of his civil case or appeal or that he had executed a Power of Attorney authorizing his mother to access his legal papers. He never asked that the phone be returned or for access to it during this period. The first the government learned of this issue was during the initial oral argument on this motion more than two years after his arrest. This omission on Mr. Boudreau's part leads the Court to believe that the possessory interest was in fact not so significant. This omission, in addition to the fact that Mr. Boudreau was able to prepare his appeal with the documents the Federal Defender's Office provided, militates against finding that he had a significant possessory interest in the phone.

In response to Mr. Boudreau's assertion that the 80 days from arrest to warrant was unreasonable, the government counters that the delay was only thirty-one days in light of the parties' joint motion to continue. The Court agrees and will not consider the entire period from arrest to warrant as Mr. Boudreau advocates. Thirty-one days is a more accurate reflection of the period of time that the government waited to pursue the warrant – if the government thought Mr. Boudreau was going to plead, there was no point in continuing its investigation or seeking a warrant. And the Court finds that that time period was reasonable because during that thirty-one-day period, the government's investigation leading to the warrant continued once plea negotiations were exhausted. The government and other law enforcement agencies pursued the case for a month in accordance with their best

4

practices and judgment. The case agent had to coordinate with multiple law enforcement agencies involved in Mr. Boudreau's case, including to arrange for another agency to search the phones because Mr. Boudreau had a history of making complaints against one of the computer forensics analysts with the Rhode Island State Police. Mr. Boudreau points to no evidence and makes no allegation to refute the government's assertion that it actively and reasonably pursued this case.

Mr. Boudreau was incarcerated and thus had a limited possessory interest in his cell phones. That general presumption cannot be overcome by his need to access certain information he believed necessary for his civil case appeal – especially not in light of his failure to notify the government of this need. The Court finds that the delay in getting the search warrant was not unreasonable and did not violate Mr. Boudreau's Fourth Amendment rights. Mr. Boudreau's Motion to Suppress (ECF No. 68) is DENIED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

March 23, 2018