UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.

JASON BOUDREAU,
       Defendant.

Criminal Case No. 16-00011-JJM-LDA

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the United States and Defendant, JASON D. BOUDREAU, have reached the following agreement:

1.     Defendant's Obligations.

    a. Defendant will plead guilty to Counts 19 and 34 of the Superseding Indictment, which charges Defendant with Access with Intent to View Child Pornography and Possession of Child Pornography, each in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

    b. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

    c. Defendant further agrees that in accordance with 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A, 18 U.S.C. § 3664, and 18 U.S.C. § 2259, he will make restitution, as

1

determined by the Court, to all victims of the instant child pornography offenses, including, but not limited to, the children depicted in all of the images charged in the Superseding Indictment, as well as the children who appear in any other child pornographic images possessed or accessed by the defendant that were identified in the course of the investigation leading to the Superseding Indictment. The defendant further agrees that the restitution order is not restricted to the losses related to the counts to which he is pleading guilty and shall include counts that will be dismissed pursuant to this agreement. The parties have not yet determined the applicable amount of restitution, and the defendant agrees that the amount will be determined by the Court at sentencing. Pursuant to 18 U.S.C. § 3664(d)(5), the defendant also agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

  d. Defendant will promptly submit a completed Department of Justice Financial Statement to the U.S. Attorney's Office, in a form that the U.S. Attorney's Office provides and as it directs. Defendant agrees that his financial statement and disclosures will be complete, accurate, and truthful. Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate Defendant's ability to satisfy any financial obligation that may be imposed by the Court.

  e. Defendant further agrees:

   (i) to forfeit all interests in any asset that constitutes an instrumentality of Defendant's offense, including the following: (1) LG LS990 cellular

telephone (serial no. 503KPBF0523061); (2) 2.5 inch SATA hard drive; (3) Huawei cellular telephone (serial no. URX0215911000337); and (4) SanDisk 16GB Micro SD Card (serial number 5415DL96P067).

(ii) to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(iii) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

(iv) to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant also understands and agrees that by virtue of his pleas of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

2.  Government's Obligations. In exchange for Defendant's pleas of guilty:

a. The government will recommend that the Court impose a term of imprisonment within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The parties have not yet determined the applicable amount of restitution, and the government agrees that the amount will be determined by the Court at sentencing.

4

  e. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

  f. The government will, at the time of sentencing, move to dismiss Counts 1-18 and 20-33 of the indictment.

  3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

  4. The United States and defendant stipulate and agree to the following facts under the guidelines:

  a. The offenses involved material that portrays a prepubescent minor. Therefore, the Offense Level is increased by 2 levels pursuant to U.S.S.G. § 2G2.2(b)(2).

  b. The offenses involved material that portrays sadistic or masochistic conduct or other depictions of violence. Therefore, the Offense Level is increased by 4 levels pursuant to U.S.S.G. § 2G2.2(b)(4).

  c. The offenses involved use of a computer or an interactive computer service for the possession of or accessing with intent to view the material. Therefore, the Offense Level is increased by 2 levels pursuant to U.S.S.G. § 2G2.2(b)(6).

  d. The offense involved 600 or more images. Therefore, the Offense Level is increased by 5 levels pursuant to U.S.S.G. § 2G2.2(b)(7).

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation not agreed to in the preceding paragraph, and the parties specifically reserve the right to argue and present evidence on the applicability of the enhancement for pattern of abuse involving the sexual abuse or exploitation of a minor, pursuant to U.S.S.G. U.S.S.G. § 2G2.2(b)(5).

6. The mandatory minimum and maximum statutory penalties for each of the offenses to which Defendant is pleading are:

(i) Count 19: Not less than ten years imprisonment, but not more than twenty years imprisonment; a fine of $ 250,000; a term of supervised release of not less than 5 years and a maximum of life; a mandatory special assessment of $100, and, unless the Court finds the defendant indigent, an additional mandatory $5,000 special assessment (per 18 U.S.C. § 3014(a)(3)).

(ii) Count 34: Not less than ten years imprisonment, but not more than twenty years imprisonment; a fine of $ 250,000; a term of supervised release of not less than 5 years and a maximum of life; a mandatory special assessment of $100, and, unless the Court finds the defendant indigent, an additional mandatory $5,000 special assessment (per 18 U.S.C. § 3014(a)(3)).

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are 40 years imprisonment, with a mandatory minimum term of 20 years imprisonment; a fine of $500,000; and a term of supervised release of between 5 years and life. The mandatory special assessment totals $200 and an additional mandatory special assessment is $10,000.

Pursuant to 18 U.S.C. § 2252(b)(2), as a result of either of his prior convictions in

the state of Rhode Island, specifically a conviction in Kent Country, Docket No. K2-2010-0725A for second-degree child molestation and a conviction in Providence Country, Docket No. P2-2012-0841A, the defendant faces the mandatory minimum sentence set forth above.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

   e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

   f. Defendant waives these trial rights if the Court accepts a plea of guilty.

   g. Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

   h. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable or deportable offenses. Likewise, if defendant is a naturalized citizen of the United States, pleading guilty may result in

denaturalization as well as removal and deportation. Removal, deportation, denaturalization, and other immigration consequences are the subject of separate proceedings, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraph 2 and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

denaturalization as well as removal and deportation. Removal, deportation, denaturalization, and other immigration consequences are the subject of separate proceedings, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraph 2 and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____  
JASON D. BOUDREAU  
Defendant

Date: 4/30/18

_____  
OLIN THOMPSON  
Counsel for Defendant

Date: 4/30/18

_____  
DENISE M. BARTON  
Assistant U.S. Attorney

Date: 5/2/18

_____  
SANDRA R. HEBERT  
Assistant U.S. Attorney  
Deputy Chief, Criminal Division

Date: 5/2/18