UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | |
|---|---|
| | CR No. 16-00011-JJM-LDA |
| v. | |
| JASON BOUDREAU | |

GOVERNMENT'S SUPPLEMTAL SENTENCING MEMORANDUM

To afford the Court and defense counsel notice of its intended reliance on the cases cited below at the Sentencing Hearing in response to the Defendant's assertion of indigence and argument that the $5,000 special assessment should not be imposed in this case, the Government submits the following response.

In 2015, Congress enacted the Justice for Victims of Trafficking Act to compensate victims of human trafficking and juvenile sexual abuse. See 18 U.S.C. § 3014. To help achieve this goal, the Act provides that a district court "shall assess an amount of $5,000 on any non-indigent person or entity" convicted of certain human trafficking and sex offenses, including child pornography offenses. See 18 U.S.C. § 3014(a)(3) (listing covered child pornography offenses). Accordingly, so long as a defendant is "nonindigent," he is obligated to pay the $5,000 special assessment.

The "[b]urden is on the Defendant to establish his indigency in the context of 18 U.S.C. § 3014." United States v. Shover, No. 20-2666, 2021 WL 4166280 (3rd Cir. September 14, 2021) (finding that the Court may properly consider amounts that will be

earned in prison for future earnings but remanding for consideration of outstanding debts owed by the Defendant). Defendant's vague assertion of future inability to pay is insufficient for the Defendant to meet his burden to show he is indigent in the context of the mandatory special assessment in 18 U.S.C. § 3014.

Although the First Circuit has not addressed the issue, multiple Circuit Courts have held that future earnings potential should be considered when deciding a defendant's ability to pay a fine or restitution, and the burden rests on the defendant to demonstrate an inability to pay.

> The Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Circuits—all of our sister circuits to have considered the issue—have held that courts may consider a defendant's future earning potential when determining indigency for purposes of imposing the JVTA assessment."
>
> …
>
> The statutory structure of section 3014(a) supports this interpretation. First, the defendant's obligation to pay the JVTA assessment continues for 20 years after entry of judgment or release from prison, whichever is later. 18 U.S.C. §§ 3014(g), 3613(b). This long payment period "underscores that a district court must impose the assessment unless it finds the defendant could not pay it today—or at any point for the next twenty years." Graves, 908 F.3d at 141. "[I]t would make little sense for the district court to consider only the defendant's financial condition at the time of sentencing" because "[t]hat snapshot in time may not accurately represent the defendant's condition five, ten, or twenty years after sentencing." Shepherd, 922 F.3d at 758 (emphasis in original).

United States v. Rosario, 7 F.4th 65, 70-71 (2d Cir. 2021) (collecting cases). Further, ;last month, the Sixth Circuit held that

> defendant's retaining court-appointed counsel, additional fines imposed at sentencing, and independent financial obligations (such as debts) are all relevant indications of indigency, but none is dispositive. On the other side of the analysis, a defendant's high-school diploma (or equivalent), technical training, and earnings history and potential can weigh against

indigency. Finally, certain considerations are not relevant at all—among them (1) the requirement that a defendant register as a sex offender (because all those assessed under § 3014 have committed sex crimes that may require registration), as well as (2) "the district court's exercise of discretion to waive [defendant's] criminal fines." Weighing a defendant's debts and assessed fines on the one hand, against his assets, qualifications, and past and future earnings on the other, constitutes the indigency analysis.

United States v. Olmstead, No. 21-1051, 2021 WL 5014358, at *2 (6th Cir. October 28, 2021) (citations omitted).

While serving his custody term, the Defendant will have the means to make modest payments towards this assessment, and thereafter, in the twenty years following his release from custody, he will certainly have the ability to pay the remaining balance. The Defendant is an educated man, who worked a skilled job in bookkeeping and accounting prior to his incarceration. By his counsel's own assertion, he is "a very smart man." With his education, skills, and intelligence, the Defendant will be able to find some means of employment to repay the $5,000 special assessment over the 20 years following his release form his custody term.

Respectfully submitted,

RICHARD MYRUS
ACTING UNITED STATES ATTORNEY

*Denise M. Barton*

DENISE M. BARTON
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
denise.barton@usdoj.gov

**CERTIFICATION OF SERVICE**

      On this 17th day of November 2021, I caused the within Motion to Continue Empanelment to be filed electronically and it is available for viewing and downloading from the ECF system.

      /s/Denise M. Barton
      DENISE M. BARTON
      Assistant U.S. Attorney
      U.S. Attorney's Office
      50 Kennedy Plaza, 8th FL
      Providence, RI 02903
      Tel (401) 709-5000
      Fax (401) 709-5001
      Email: denise.barton@usdoj.gov